UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANGVANG MEKDARA,

Petitioner,

v.                                                      CAUSE NO. 3:26-CV-992-CCB-SJF

MARKWAYNE MULLIN, et al.,

Respondents.

## <u>ORDER</u>

Immigration detainee Sangvang Mekdara, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents answered the petition, and Mekdara filed a reply. ECF 7, ECF 9. The court has now reviewed the record to assess the status of the government's efforts to remove Mekdara to Laos.

Significantly, the respondents submitted an affidavit in which a government official attests, "ERO facilitated the Petitioner's completion of a travel document request, which was issued on July 2, 2026. ERO has scheduled the petitioner's travel to Laos for July 28, 2026." EF 7-2 at 3. The court seeks clarification as to whether the affiant intended to represent that the travel document request was submitted to Lao on July 2, 2026, or whether he intended to represent that the government received a travel document from Laos on July 2, 2026. The court also seeks confirmation that the removal

has proceeded as scheduled. Therefore, the court will set a deadline for the respondents to file a response addressing these issues.

The court also acknowledges Mekdara's argument that he is entitled to immediate release even assuming that he will soon be removed to Laos due to the government's prior representation that he would receive "an opportunity to prepare for an orderly departure." ECF 9 at 12-15. The government made this representation in a letter, notifying Mekdara that he would be released on conditions of supervision, dated September 10, 2024. ECF 7-1 at 13. The court declines to consider this claim because Mekdara raised it for the first time in his traverse, allowing the respondents no opportunity for a response. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases ("The petition must specify all the grounds for relief available to the petitioner."); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) ("[A] traverse is not the proper pleading to raise additional grounds."). Nor does it seem appropriate to require the respondents to respond to this claim given that it was raised less than one week prior to Mekdara's scheduled removal.

For these reasons, the court **ORDERS** the respondents to file a response to this Order by July 29, 2026.

SO ORDERED on July 24, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT